THOMAS E. MOSS
United States Attorney
Washington Group Plaza
800 Park Blvd., Suite 600
Boise, ID 83712-9903

NATHANIEL B. PARKER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547
Email:  nathaniel.b.parker@usdoj.gov
          Western.taxcivil@usdoj.gov
*Attorneys for the United States and IRS, Respondents*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| RANDY L. COX, )<br><br>                      Petitioner, )<br><br>           vs. )<br><br>THE UNITED STATES, STERLING )<br>SAVINGS BANK, POTLATCH 1 FEDERAL )<br>CREDIT UNION, EXPERIAN )<br>INFORMATION SOLUTIONS, EQUIFAX )<br>INFORMATION SERVICES LLC, )<br>TRANSUNION LLC, COUNTRYWIDE )<br>HOME LOANS, AAMES HOME LOANS, )<br>IRS, )<br><br>                      Respondents. )<br>_____) | Case No. 08-cv-77-BLW<br><br><br>UNITED STATES' MOTION TO<br>STRIKE PETITIONER'S AFFIDAVIT IN<br>SUPPORT OF PETITIONS TO QUASH |

The United States of America and the Internal Revenue Service ("IRS"), by and through

its undersigned counsel, hereby responds to Petitioner's Affidavit in support of Petitions to

Quash.  See Docket # 16.  The Court should strike the purported affidavit because it is unsworn,

1

3311307.1

does not meet the requirements for unsworn declarations under 28 U.S.C. § 1746, and the Petitioner's basis for asserting personal knowledge of the matters contained in the affidavit is unclear.  In the alternative, the Court should disregard the purported affidavit because even taking all matters contained in the affidavit as true, it has no effect on the central inquiry of this proceeding- whether Petitioner has meet his burden of alleging specific facts sufficient to rebut the United States' *prima facie* showing under <u>United States v. Powell</u>, 379 U.S. 48 (1964).

The purported affidavit is deficient because it is unsworn and does not meet statutory requirements for unsworn declarations. 28 U.S.C. § 1746. The purported affidavit cannot be taken as a sworn affidavit because it is not notorized.  Further, it cannot be taken as an unsworn declaration that contains or substantially conforms to the required content for unsworn declarations under 28 U.S.C. § 1746 because there is no language indicating that this purported affidavit is made under the penalty of perjury. <u>See</u> <u>United States v. Bueno-Vargas,</u> 383 F.3d 1104, 1111 (9th Cir. 2004) (concluding that "signing a statement under penalty of perjury satisfies the standard for an oath or affirmation"); <u>Schroeder v. McDonald,</u> 55 F.3d 454, 460 n10 (9th Cir. 1995) (holding that although a verified complaint contained a caveat that the facts stated in the complaint were true and correct *as known to the declarant,* the verified complaint substantially conformed to 26 U.S.C. § 1746 because the it was made under the penalty of perjury).  Because the purported affidavit is neither sworn nor made under the penalty of perjury, it is deficient and should be stricken.

Even if the purported affidavit is properly verified, it is deficient because it claims facts that could not possibly be within the Petitioner's personal knowledge.  The basis of Petitioner's "knowledge" that, *e.g.*, the IRS has labeled him as a tax protester and that there is a criminal

3311307.1

investigation ongoing is unclear.  Further, United States notes that the purported affidavit is

nearly identical to an online form found at:

http://www.patriotnetwork.info/member_area/banks/New_Support_Affidavit(2).htm.  A true and

correct copy of the form found at this address on May 27, 2008 is attached as Exhibit A.  To the

extent Mr. Cox's purported affidavit tracks the language on this form and does not present

knowledge of specific facts for his conclusory and self-serving statements, his assertion of

personal knowledge of the facts contained in his affidavit is cast into significant doubt.

In any event, even if this Court were to overlook the terminal deficiencies in the purported

affidavit, the Court should disregard the affidavit's conclusory and self-serving assertions because

they have no legal bearing on the question of whether the summonses at issue meet the Powell

factors.  First, and despite Petitioner's suggestion to the contrary, summonses may be issued in

connection with a criminal investigation.  See United States' Memorandum in Support of its

Motion to Dismiss Petition to Quash IRS Summonses and Counter Petition to Enforce IRS

Summonses ("Memorandum"), Docket #10 at 8-10.  Accordingly, regardless of whether there is a

criminal investigation ongoing or whether Petitioner has been labeled as a tax protestor, and

consequently, there is some institutional commitment to prosecute, the summonses are not

improper.  Whether a criminal investigation is ongoing in regards to Petitioner has no bearing on

the Powell inquiry provided that the case has not been referred to the Department of Justice.  See

Memorandum, Docket # 10, at 8-10.  Next, whether Petitioner is current in his tax filings or

claims to have received no income is irrelevant to the authority of the Internal Revenue Service

("IRS") to summons information.  Under 26 U.S.C. § 7602(a),  the IRS may summon the books,

papers, records, or other data to determine liabilities, make a return where none has been made, or

ascertain the correctness of returns of *any person*.  Rather than making out a plausible opposition to the United States' *prima facie* <u>Powell</u> showing by presenting factual allegations, Petitioner merely asserts conclusions of law, conclusory statements of  belief, and the same basic unsupported and unsupportable contentions and rhetoric appearing in his Petition to Quash.

The mere assertion of conclusions of law and unsupported allegations is not sufficient to rebut the United States' <u>Powell</u> showing, and dismissal on the papers is appropriate where the Petitioner fails to meet his burden.  <u>See</u> Memorandum, Docket # 10, at 7.  Even taking the "affidavit" at face value, it provides Mr. Cox with no support on the central issue of this proceeding- whether Petitioner has alleged sufficient facts and provided sufficient evidence to rebut the United States' *prima facie* <u>Powell</u> showing.

For the reasons stated herein, the United States respectfully requests that the Court strike, or in the alternative, disregard Petitioner's purported affidavit.

Respectfully submitted this 28th day of May, 2008.

THOMAS E. MOSS
United States Attorney
Washington Group Plaza
800 Park Blvd., Suite 600
Boise, ID 83712-9903

<u>/s/ Nathaniel B. Parker</u>
NATHANIEL B. PARKER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6547
<u>nathaniel.b.parker@usdoj.gov</u>
<u>Western.taxcivil@usdoj.gov</u>

3311307.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 28, 2008, I electronically filed the foregoing UNITED STATES' MOTION TO STRIKE PETITIONER'S AFFIDAVIT IN SUPPORT OF PETITIONS TO QUASH electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John R. Goodell
Jrg@racinelaw.net
*Attorney for Experian Information Solutions, Inc.*

IT IS FURTHER CERTIFIED that on this same date true and correct copies of the foregoing were mailed via First Class United States Mail, postage prepaid, to:

Randy L. Cox
1719 Alder Ave
Lewiston, ID 83501

Sterling Savings Bank
2250 Thain Rd
Lewiston, ID 83501

Potlatch 1 Federal Credit Union
1015 Warner Ave.
Lewiston, ID 83501

Experian Information Solutions, Inc.
701 Experian Parkway
Allen, TX 75013

Equifax Information Services LLC
PO Box 740256
Atlanta, GA 30374

TransUnion LLC
555 W. Adams St.
Chicago, IL 60661

Countrywide Home Loans
400 Countrywide Way
Simi Valley, CA 93065

3311307.1

Aames Home Loans
350 South Grand Ave. 43rd Floor
Los Angeles, CA 90071

/s/ Nathaniel B. Parker
Nathaniel B. Parker
Trial Attorney
U.S. Department of Justice

3311307.1