IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RANDY L. COX,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | ) | Case No. CV-08-077-N-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it the United States' Motion to Dismiss (Docket No. 8), United States' Counter Petition to Enforce IRS Summons (Docket No. 9), United States Motion to Quash (Docket No. 15), and United States' Motion to Strike (Docket No. 17). The Court has determined that the decisional process on these motions would not be significantly aided by oral argument. Therefore, the Court will address the motions without a hearing.

## BACKGROUND

Kate Lopez is a duly commissioned Revenue Agent employed in the Small Business/Self Employed Division of the Internal Revenue Service ("IRS"), Compliance Area 14, located in Twin Falls, Idaho. As a Revenue Agent, Agent

Lopez is authorized to issue summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and Internal Revenue Service Delegation Order No. 4 (as revised). Agent Lopez conducted an examination of federal income tax liabilities of Petitioner for the 2001, 2002, and 2006 tax years. In furtherance of her examination, and in accordance with 26 U.S.C. § 7602, Agent Lopez issued an administrative summons to Potlatch 1 Federal Credit Union on January 23, 2004, to Sterling Savings Bank on January 24, 2008, and to Experian Information Solutions, Equifax Information Services LLC, Transunion LLC, Countrywide Home Loans, and Aames Home Loans on February 5, 2008. Each summons directed the production of certain books, papers, records, and other data concerning the tax periods under examination.

On January 24, 2008, in accordance with 26 U.S.C. § 7603, Agent Lopez served attested copies of the summonses on Sterling Savings Bank and Potlatch 1 Federal Credit Union via certified mail. On February 5, 2008, Agent Lopez served attested copies of the summonses on Experian Information Solutions, Equifax Information Services LLC, Transunion LLC, Countrywide Home Loans, and Aames Home Loans via certified mail. In accordance with 26 U.S.C. § 7609, Agent Lopez gave notice of each of the summonses directed to Sterling Savings Bank and Potlatch 1 Federal Credit Union by mailing notices addressed to Randy

Cox on January 24, 2008. Agent Lopez gave notice of each of the summonses directed to Experian Information Solutions, Equifax Information Services LLC, Transunion LLC, Countrywide Home Loans, and Aames Home Loans by mailing notices addressed to Randy Cox on February 5, 2008. On February 14, 2008, Randy Cox initiated this action by filing his Petition to Quash.

**ANALYSIS**

The IRS may summons for examination any books or records that may be relevant to an inquiry into the tax liability of any person. 26 U.S.C. §§ 7602 and 7609. When the IRS issues a summons to a third party for the purpose of examining tax liabilities, the taxpayer who is the subject of the examination may seek to quash the summons by filing a petition to quash in federal district court. 26 U.S.C. § 7609(b). In response to a petition to quash, the United States may seek to compel compliance with the summons. 26 U.S.C. § 7609(b)(2)(A).

IRS summonses are enforceable when the government presents a prima facie case for enforcement and the taxpayer fails to establish an adequate defense. The prima facie case requires a showing "(1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Code have been

followed." *United States v. Powell*, 279 U.S. 48, 57-58 (1964); *see also* *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999). The government's burden of satisfying the *Powell* requirements is "a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." *Crystal*, 172 F.3d at 1144 (internal quotation and citation omitted). Once the government satisfies its burden, "those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service." *Crystal*, 172 F.3d at 1144. (internal quotation and citation omitted). To meet this burden, "the taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." *Id.* (internal quotation and citation omitted).

In this case, the government has met its initial burden. The first *Powell* requirement, that the examination is conducted pursuant to a legitimate purpose, is met by Agent Lopez's Declaration. Agent Lopez indicates that she is in the process of examining Petitioner's tax liabilities for the 2001, 2002, and 2006 tax years. (Lopez Decl. ¶ 3). Summonses are specifically authorizes for the purpose of determining the correct tax liability of any taxpayer. 26 U.S.C. § 7602. Thus, Agent Lopez's examination is being conducted pursuant to a legitimate purpose.

The second *Powell* requirement, that information sought by the summonses

must be relevant to the inquiry, is also met. The information held by the third parties to whom the summonses at issue were directed are being gathered to assist Agent Lopez in ascertaining the Petitioner's income, assets, business associations and, consequently, correct tax liability. (Lopez Decl. ¶¶ 4, 31). Agent Lopez also states that the information sought is not in the possession of the Commissioner, satisfying the third *Powell* requirement. (Lopez Decl. ¶ 18). Finally, all administrative steps required by the Internal Revenue Code for issuance of the summonses have been followed. (Lopez Decl. ¶ 30). Thus the burden is shifted to Petitioner to demonstrate the invalidity of the summonses.

Once the government establishes a prima facie case for enforcement, a taxpayer seeking to quash summonses must show that enforcement would be "an abuse of process." *Fortney v. United States*, 50 F.3d 117, 120 (9th Cir. 1995). To meet this burden, a petitioner must show more than mere legal conclusions and must allege specific facts and evidence to support his allegations. *Liberty Financial Services v. United States*, 778 F.2d 1390, 1393 (9th Cir. 1985). Here, Petitioner asserts essentially three arguments why the Court should quash the summonses: (1) Petitioner alleges that the true purpose of the summonses at issue is to gather information for use in a criminal prosecution which has been or will be referred to the Department of Justice; (2) Petitioner alleges that the IRS did not

comply with administrative requirements, that Agent Lopez does not have authority to issue a summons, and that the summonses were issued in bad faith; and (3) Petitioner alleges that the summonses violate his constitutional rights, right to privacy and due process rights.

Petitioner has failed to provide sufficient evidence or specific facts to support his arguments. With respect to his first argument – that the documents sought by the summonses are or will be used in a criminal investigation against him – Petitioner makes no more than bare assertions. To the contrary, Agent Lopez testifies that there is no Justice Department criminal referral in effect for Petitioner with respect to the tax periods identified in the summonses. (Lopez Decl. ¶¶ 18, 28, 32).

Petitioner's second argument – that the IRS did not comply with administrative requirements, that Agent Lopez does not have authority to issue a summons, and that the summonses were issued in bad faith – is also meritless. Petitioner complains that the notice, hearing, and authorization, and attestation, and advance notice requirements were not met, that the IRS already has possession of the documents requested in the summonses, and that the summonses were issued in bad faith. Yet he offers no factual evidence in support of his complaint. To the contrary, Agent Lopez explains that she fully complied with the administrative

requirements of 26 U.S.C. § 7609 by mailing notice of the summonses via certified mail within three days of issuing the summonses as required by 26 U.S.C. § 7609(a)(2). (Lopez Decl. ¶¶ 7, 10, 13, 16, 19, 22, 25, Exs. A-G). Also, although a petitioner has a right to institute a proceeding to quash third party summonses under § 7609, in circumstances where the petitioner fails to present evidence, a decision on the papers is appropriate. *United States v. Tanoue*, 94 F.3d 1342, 1345 (9th Cir. 1996). Moreover, Agent Lopez gave Petitioner notice that contacts with other persons may be made pursuant to 26 U.S.C. § 7602(c). (Lopez Decl. ¶ 27; Ex. H). The summonses were attested, and so the attestation requirement of 26 U.S.C. § 7603(a) was also met. (Lopez Decl., Exs. A-G). Thus, Petitioner's claim that the summonses were not authorized are without merit.

Additionally, The Secretary of Treasury is authorized to summons "any person the Secretary may deem proper" for purposes that include "ascertaining the correctness of any return" [or] "determining the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a). This authority has been delegated to the Commissioner of the IRS, who has, in turn, delegated the authority to Revenue Agents. (Deleg. Order No. 4 (as revised), 1997 WL 33479254. Agent Lopez is a Revenue Agent, and the summonses were issued in her capacity as such. (Lopez Decl. ¶¶ 1, 3). Thus, Petitioner's complaint that Agent Lopez does not have

authority to issue summonses is incorrect.

Petitioner's claim that the summonses were not issued in good faith is also meritless. As Agent Lopez states in her declaration, the purpose of the summonses is to examine and attempt to determine Petitioner's federal income tax liability for tax years 2001, 2002, and 2006. (Lopez Decl. ¶ 3).

Finally, Petitioner's third objection – that the summonses violated his constitutional right to privacy and due process rights – is also meritless. Petitioner's argument that the IRS does not have the power to summons records pertaining to him is simply inaccurate. Petitioner relies on *Schulz v. IRS*, 413 F.3d 297 (2d Cir. 2005) for his argument, but he misinterprets that case. Petitioner's characterization of *Schulz* as requiring Due Process analysis to be applied to the exercise of IRS summons authority is incorrect. *Schulz* is irrelevant to the question of whether and under what circumstances the IRS may issue third-party summonses and whether the issuance of a summons is subject to Due Process analysis.

Accordingly, the Court finds that the government has met its initial burden under *Powell*, and Petitioner has failed to allege specific facts and provide any evidence in support of his conclusory assertions to the contrary. Thus, the Court will grant the government's Motion to Dismiss. In turn, the Court will grant the

government's Counter Petition to Enforce IRS Summons.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that United States' Motion to Dismiss (Docket No. 8) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that United States' Counter Petition to Enforce IRS Summons (Docket No. 9) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that United States Motion to Quash (Docket No. 15) shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that and United States' Motion to Strike (Docket No. 17) shall be, and the same is hereby, DEEMED MOOT.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: **August 8, 2008**

B. Lynn Winmill

Honorable B. Lynn Winmill
Chief U. S. District Judge